UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHRISTOPHER A. PHILLIPS, DEANDRE )
L. BLUE, HEATHER DEMIAN, BRIAN C. )
LOHMANN, JEROME TOLLIVER, JR., )
EBONY WILLIAMS, AND ALICE TYLER )
AS NEXT FRIEND FOR A.T., A MINOR, )
                               )
      Plaintiffs, )
                               )
vs.                           )   Case No.: 4:16-cv-00084 RLW
                               )
CITY OF FERGUSON, MISSOURI, EDDIE )
BOYD, III, DUSTIN BURNES, HARRY )
DILWORTH, KEVIN HAMMOND, JOSHUA )
MACE, ERIN O'BRIEN, AND ANDREW )
MOULTON, )
                               )
      Defendants. )

## *DEFENDANTS' JOINT ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT*

COME NOW Defendants, by and through their attorneys, and for their Joint Answer to Plaintiffs' First Amended Complaint (Doc. No. 24), and state as follows:

1.    Defendants admit Plaintiffs were present at the Ferguson Police Department on February 9, 2015, the six-month anniversary of Michael Brown's death. Defendants deny the remaining allegations in paragraph 1.

2.    Defendants admit Plaintiffs were arrested but deny the remaining allegations contained in paragraph 2.

3.    Defendants admit Plaintiffs Blue, De Mian, Lohmann, Phillips, Tolliver, and Williams were all prosecuted in the Municipal Court of Ferguson, Missouri, for charges arising from criminal conduct and misbehavior of each Plaintiff including the incidents described

in the Plaintiffs' First Amended Complaint. Defendants deny the remaining allegations in paragraph 3.

4.      Defendants admit the allegations contained in paragraph 4.

5.      Defendants admit the allegations contained in paragraph 5.

6.      Defendants admit the Plaintiffs purport to raise a cause of action against the Defendants for alleged violations of their constitutional rights. Defendants deny the merits of such allegations and deny that the Plaintiffs are entitled to any relief. Defendants deny the remaining allegations contained in paragraph 6.

## *PARTIES*

7.      Upon information and belief, Defendants admit the allegations contained in paragraph 7.

8.      Upon information and belief, Defendants admit the allegations contained in paragraph 8.

9.      Upon information and belief, Defendants admit the allegations contained in paragraph 9.

10.     Upon information and belief, Defendants admit the allegations contained in paragraph 10.

11.     Upon information and belief, Defendants admit the allegations contained in paragraph 11.

12.     Upon information and belief, Defendants admit the allegations contained in paragraph 12.

13.     Upon information and belief, Defendants admit the allegations contained in paragraph 13.

14.     Upon information and belief, Defendants admit the allegations contained in paragraph 14.

15.     Defendants admit the City of Ferguson is a municipal corporation organized and existing under the laws of the State of Missouri. Defendants admit the Plaintiffs purport to raise their cause of action against the City of Ferguson. Defendants deny the merit of such allegations and deny that the Plaintiffs are entitled to relief for their claims. Defendants deny any remaining allegations contained in paragraph 15.

2

16.     Defendants admit Harry Dilworth is a sworn peace officer certified by the State of Missouri and is, and has been, employed as a Police Lieutenant by the City of Ferguson. Defendants admit that the Plaintiffs purport to raise their cause of action against Defendant Dilworth in his individual capacity. Defendants admit the alleged acts alleged herein against Harry Dilworth were committed while acting under the color of state law. Defendants deny the remaining allegations within paragraph 16.

17.     Defendants admit Police Officer Eddie Boyd is a sworn peace officer certified by the State of Missouri and is, and has been, employed as a Patrol Officer by the City of Ferguson. Defendants admit that the Plaintiffs purport to raise their cause of action against Officer Boyd in his individual capacity. Defendants admit the alleged acts alleged herein against Officer Boyd were committed while acting under the color of state law. Defendants deny the remaining allegations within paragraph 17.

18.     Defendants admit Officer Dustin Burnes is a sworn peace officer certified by the State of Missouri and is, and has been, employed as a Patrol Officer by the City of Ferguson. Defendants admit that the Plaintiffs purport to raise their cause of action against Officer Burnes in his individual capacity. Defendants admit the alleged acts alleged herein against Officer Burnes were committed while acting under the color of state law. Defendants deny the remaining allegations within paragraph 18.

19.     Defendants admit Officer Kevin Hammond is a sworn peace officer certified by the State of Missouri and is, and has been, employed as a Patrol Officer by the City of Ferguson. Defendants admit that the Plaintiffs purport to raise their cause of action against Officer Hammond in his individual capacity. Defendants admit the alleged acts alleged herein

{01703208.DOCX;1}

against Officer Hammond were committed while acting under the color of state law. Defendants deny the remaining allegations within paragraph 19.

20. Defendants admit Officer Joshua Mace is a sworn peace officer certified by the State of Missouri and was employed as a Patrol Officer by the City of Ferguson. Defendants admit that the Plaintiffs purport to raise their cause of action against Officer Mace in his individual capacity. Defendants admit the alleged acts alleged herein against Officer Mace were committed while acting under the color of state law. Defendants deny the remaining allegations within paragraph 20.

21. Defendants admit Officer Erin O'Brien is a sworn peace officer certified by the State of Missouri and is, and has been, employed as a Patrol Officer by the City of Ferguson. Defendants admit that the Plaintiffs purport to raise their cause of action against Officer O'Brien in his individual capacity. Defendants admit the alleged acts alleged herein against Officer O'Brien were committed while acting under the color of state law. Defendants deny the remaining allegations within paragraph 21.

22. Defendants admit Andrew Moulton was a corrections officer and was employed by the City of Ferguson. Defendants admit the Plaintiffs purport to raise their cause of action against Andrew Moulton in his individual capacity. Defendants admit the alleged acts alleged herein against Andrew Moulton were committed while acting under the color of state law. Defendants deny the remaining allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23.

### JURISDICTION AND VENUE

24. Defendants admit that the Plaintiffs purport to raise their cause of action against the Defendants under 42 U.S.C. §§ 1983. Defendants admit this Court has jurisdiction under

4

28 U.S.C. §§ 1331 and 1343. Defendants admit venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because the alleged events and/or acts and/or omissions giving rise to this First Amended Complaint occurred in St. Louis County, Missouri, which lies within the Eastern District of Missouri and because the Defendants were performing their duties and responsibilities within the Eastern District of Missouri.

*FACTS*

25.  Defendants admit the allegations contained in paragraph 25.

26.  Defendants admit the allegations contained in paragraph 26.

27.  Defendants admit the allegations contained in paragraph 27.

28.  Defendants admit the allegations contained in paragraph 28.

29.  Defendants admit the allegations contained in paragraph 29.

30.  Defendants admit various individuals were present outside of the Ferguson Police Department on February 9, 2015. Defendants deny the remaining allegations contained in paragraph 30.

31.  Defendants admit the Defendants arrested the Plaintiffs. Defendants deny the remaining allegations contained in paragraph 31.

32.  Defendants admit Plaintiffs Phillips, De Mian, and Lohmann were each arrested. Defendants admit some of these individuals may have been recording the actions of themselves and arresting officers and other individuals. Defendants deny the remaining allegations contained in paragraph 32.

33.  Defendants are without sufficient information to admit or deny the allegations contained in paragraph 33.

{01703208.DOCX;1}

34.  Defendants admit that Defendant Lieutenant Dilworth appeared in the Ferguson Police Department parking lot. Defendants admit Police Officers Dustin Burnes, Kevin Hammond, Joshua Mace, Erin O'Brien, and Eddie Boyd were contacted and later arrived at or near the Ferguson Police Department parking lot at some time later. Defendants deny the remaining allegations contained in paragraph 34.

35.  Defendants admit some individuals were present at or near the sidewalk across the street from the Ferguson Police Station and were at or near the Andy Wurm Tire & Wheel parking lot. Upon information and belief, Defendants admit Andy Wurm is a private establishment and at the time of the alleged incidents described in the First Amended Complaint, was closed. Defendants deny the remaining allegations contained in paragraph 35.

36.  Defendants deny the allegations contained in paragraph 36.

37.  Defendants admit Defendant Dilworth directed some officers to make some arrests during the course of the alleged events described in the Plaintiffs' First Amended Complaint. Defendants deny the remaining allegations contained in paragraph 37.

38.  Defendants admit the Defendant Police Officers were driving marked Ferguson Police Department sports utility vehicles equipped with lights. Defendants admit some of these vehicles drove into the Andy Wurm parking lot. Defendants deny the remaining allegations contained in paragraph 38.

39.  Defendants deny the allegations contained in paragraph 39.

40.  Defendants admit the allegations contained in paragraph 40.

41.  Defendants deny the allegations contained in paragraph 41.

6

42.     Defendants admit Municipal Court discovery requests were filed. Defendants deny the remaining allegations in paragraph 42, as phrased.

43.     Defendants admit Plaintiffs filed a Notice of Hearing for August 25, 2015, stating that Plaintiffs would be requesting a Court Order. Defendants deny the remaining allegations contained in paragraph 43.

44.     Defendants admit the allegations contained in paragraph 44.

45.     Defendants admit the allegations contained in paragraph 45.

46.     Defendants admit certain video footage from Defendant Lieutenant Dilworth and Officer Mace's body cameras were produced. Defendants deny the remaining allegations contained in paragraph 46, as phrased.

47.     Defendants deny the allegations contained in paragraph 47.

48.     Defendants deny the allegations contained in paragraph 48.

### INDIVIDUAL PLAINTIFF ARRESTS

### CHRISTOPHER PHILLIPS

49.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 49.

50.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 50.

51.     Defendants are without sufficient information to admit or deny the allegation that Mr. Phillips was present at the Ferguson Police Department on February 9, 2015, in order to document protests and alleged police response. Defendants deny the remaining allegations contained in paragraph 51.

{01703208.DOCX;1}

52.     Defendants are without sufficient information to admit or deny whether or for what purpose Mr. Phillips was filming. Defendants admit Mr. Phillips was arrested by Officer Erin O'Brien. Defendants deny the remaining allegations contained in paragraph 52.

53.     Defendants admit the allegations contained in paragraph 53.

54.     Defendants admit this description is contained in the report but deny accuracy or validity of said description.

55.     Defendants deny the allegations contained in paragraph 55.

56.     Defendants admit the allegations contained in paragraph 56.

57.     Defendants admit the allegations contained in paragraph 57.

58.     Defendants admit the allegations contained in paragraph 58.

59.     Defendants admit the allegations contained in paragraph 59.

60.     Defendants deny the allegations contained in paragraph 60.

61.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 61.

62.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 62.

63.     Defendants deny the allegations contained in paragraph 63, as phrased.

64.     Defendants admit the allegations contained in paragraph 64.

### *DEANDRE BLUE*

65.     Defendants admit Plaintiff Blue was located in or near the Andy Wurm parking lot across the street from the Ferguson Police Department before he was arrested on February 9, 2015. Defendants deny the remaining allegations contained in paragraph 65.

66.     Defendants admit the allegations contained in paragraph 66.

{01703208.DOCX;1}

67.     Defendants admit the allegations contained in paragraph 67.

68.     Defendants admit the Mr. Blue was calm during his arrest. Defendants deny the remaining allegations contained in paragraph 68.

69.     Defendants deny the allegations contained in paragraph 69.

70.     Defendants admit the allegations contained in paragraph 70.

71.     Defendants admit the allegations contained in paragraph 71.

72.     Defendants admit the allegations contained in paragraph 72.

## HEATHER DE MIAN

73.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 73.

74.     Defendants are without sufficient information to admit or deny whether Ms. De Mian was live-streaming the officers while she was in, on, or near the Ferguson Police Department parking lot. Defendants deny the remaining allegations contained in paragraph 74.

75.     Defendants admit the allegations contained in paragraph 75.

76.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 76.

77.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 77.

78.     Defendants deny the allegations contained in paragraph 78.

79.     Upon information and belief, Defendants admit Exhibit S does contain a photograph of Ms. De Mian on the ground next to her wheelchair. Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 79.

80.     Defendants deny the allegations contained in paragraph 80.

{01703208.DOCX;1}

81.     Defendants admit the allegations contained in paragraph 81.

82.     Defendants deny the allegations contained in paragraph 82, as phrased.

83.     Defendants admit the allegations contained in paragraph 83.

84.     Defendants admit the allegations contained in 84.

85.     Defendants deny the allegations contained in paragraph 85, as phrased.

86.     Defendants deny the allegations contained in paragraph 86, as phrased.

87.     Defendants admit the allegations contained in paragraph 87.

88.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 88.

89.     Defendants admit the allegations contained in paragraph 89.

90.     Defendants admit the allegations contained in paragraph 90.

91.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 91.

### *JEROME TOLLIVER*

92.     Defendants admit Mr. Tolliver was located on or in the Andy Wurm parking lot across the street from the Ferguson Police Department shortly before his arrest. Defendants deny the remaining allegations contained in paragraph 92.

93.     Defendants admit Officer Burnes approached Mr. Tolliver and placed him under arrest. Defendants deny the remaining allegations contained in paragraph 93.

94.     Defendants admit the allegations contained in paragraph 94.

95.     Defendants deny the allegations contained in paragraph 95.

96.     Defendants deny the allegations contained in paragraph 96.

97.     Defendants admit the allegations contained in paragraph 97.

98.     Defendants admit the allegations contained in paragraph 98.

99.     Defendants admit the allegations contained in paragraph 99.

### *BRIAN LOHMANN*

100.    Defendants admit Mr. Lohmann may have been recording the actions of himself, police officers, and other individuals at or near the time of his arrest. Defendants deny the remaining allegations contained in paragraph 100.

101.    Defendants admit the allegations contained in paragraph 101.

102.    Upon information and belief, Defendants admit Exhibit U contains a photograph of Andrew Moulton with A.T.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 102.

103.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 103.

104.    Defendants admit the allegations contained in paragraph 104.

105.    Defendants admit the allegations contained in paragraph 105.

106.    Defendants admit Officer Burnes and Officer O'Brien approached Mr. Lohmann and took hold of his arms. Defendants further admit Mr. Lohmann made statements and may have asked "what was happening."  Defendants deny the remaining allegations contained in paragraph 106.

107.    Defendants admit Mr. Lohmann was arrested and placed face-down on the ground with his hands behind his back. Defendants deny the remaining allegations contained in paragraph 107.

108.    Defendants admit the allegations contained in paragraph 108.

109.    Defendants deny the allegations contained in paragraph 109, as phrased.

11

{01703208.DOCX;1}

110.  Defendants deny the allegations contained in paragraph 110.

111.  Defendants deny the allegations contained in paragraph 111.

112.  Defendants deny the allegations contained in paragraph 112.

113.  Defendants deny the allegations contained in paragraph 113.

114.  Defendants deny the allegations contained in paragraph 114.

115.  Defendants admit the allegations contained in paragraph 115.

116.  Defendants admit the allegations contained in paragraph 116.

117.  Defendants admit the allegations contained in paragraph 117.

### *EBONY WILLIAMS*

118.  Defendants admit Ms. Williams was on or in the Andy Wurm parking lot across the street from the Ferguson Police Department shortly before she was arrested. Defendants deny the remaining allegations in paragraph 118.

119.  Defendants deny the allegations contained in paragraph 119.

120.  Defendants deny the allegations contained in paragraph 120.

121.  Defendants deny the allegations contained in paragraph 121.

122.  Defendants admit the allegations contained in paragraph 122.

123.  Defendants admit the allegations contained in paragraph 123.

### *A.T.*

124.  Defendants admit A.T. may have been in the Andy Wurm parking lot across the street from Ferguson Police Department at some point during the evening of February 9, 2015. Defendants deny the remaining allegations contained in paragraph 124.

12

125.    Defendants admit some of the Ferguson Police Department vehicles moved from the Ferguson Police Department parking lot to the Andy Wurm parking lot. Defendants deny the remaining allegations contained in paragraph 125.

126.    Defendants deny the allegations contained in paragraph 126.

127.    Defendants deny the allegations contained in paragraph 127.

128.    Defendants deny the allegations contained in paragraph 128.

129.    Defendants deny the allegations contained in paragraph 129.

130.    Defendants admit the allegations contained in paragraph 130.

131.    Defendants admit the allegations contained in paragraph 131.

132.    Defendants admit A.T. announced he was a minor. Defendants deny the remaining allegations contained in paragraph 132.

133.    Defendants deny the allegations contained in paragraph 133.

134.    Defendants admit Dilworth is larger than A.T.   Defendants deny the remaining allegations contained in paragraph 134.

135.    Defendants admit Defendant Dilworth arrested A.T.   Defendants deny the remaining allegations contained in paragraph 135.

136.    Defendants admit the allegations contained in paragraph 136.

137.    Defendants admit Exhibit U contains an image of Andrew Moulton and A.T.  Defendants deny Andrew Moulton arrested A.T.  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 137.

138.    Defendants admit the allegations contained in paragraph 138.

### *U.S. DEPARTMENT OF JUSTICE REPORT*

139.    Defendants admit the allegations contained in paragraph 139.

13

140.    Defendants deny the allegations contained in paragraph 140.

141.    Defendants admit the quoted sections are contained with the report but deny the remaining allegations contained in paragraph 141.

142.    Defendants admit the block paragraph quotation is contained in the report but deny the remaining allegations contained in paragraph 142.

143.    Defendants deny the allegations contained in paragraph 143, as they are phrased.

*CAUSES OF ACTION*

*COUNT I*

*UNREASONABLE SEIZURE BY ARREST AND DETENTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION COGNIZABLE UNDER 42 U.S.C. § 1983, ALL PLAINTIFFS AGAINST ALL INDIVIDUAL DEFENDANTS*

144.    Defendants restate and incorporate their responses to paragraphs 1-143 as if fully set out herein.

145.    Defendants deny the allegations contained in paragraph 145.

146.    Defendants admit the Defendant Police Officers arrested and detained Plaintiffs. Defendants deny the remaining allegations contained in paragraph 146.

147.    Defendants deny the allegations contained in paragraph 147.

148.    Defendants deny the allegations contained in paragraph 148.

149.    Defendants deny the allegations contained in paragraph 149.

150.    Defendants deny the allegations contained in paragraph 150.

151.    Defendants deny the allegations contained in paragraph 151.

WHEREFORE, Defendants respectfully request this Court dismiss this Count, for their costs, and for such other relief as this Court deems just and proper.

{01703208.DOCX;1}

## COUNT II

### RETALIATION AGAINST ALL PLAINTIFFS BY ALL INDIVIDUAL DEFENDANTS FOR EXERCISING THEIR RIGHTS UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION COGNIZABLE UNDER 42 U.S.C. § 1983

152.    Defendants restate and incorporate their responses to paragraphs 144-151 as if fully set out herein.

153.    Defendants deny the allegations contained in paragraph 153.

154.    Defendants admit that individuals made both verbal and written statements that were obscene, profane, and generally critical of the police and of Defendant Dilworth. Defendants deny the remaining allegations in paragraph 154.

155.    Defendants deny the allegations contained in paragraph 155.

156.    Defendants deny the allegations contained in paragraph 156.

157.    Defendants deny the allegations contained in paragraph 157.

158.    Defendants deny the allegations contained in paragraph 158.

159.    Defendants deny the allegations contained in paragraph 159.

160.    Defendants deny the allegations contained in paragraph 160.

161.    Defendants deny the allegations contained in paragraph 161.

162.    Defendants deny the allegations contained in paragraph 162.

WHEREFORE, Defendants respectfully request this Court dismiss this Count, for their costs, and for such other relief as this Court deems just and proper.

{01703208.DOCX;1}

*COUNT III*

***PLAINTIFFS AGAINST ALL DEFENDANTS, INCLUDING THE CITY OF FERGUSON, FOR UNLAWFUL SEIZURE OR IN THE ALTERNATIVE FOR DUE PROCESS VIOLATONS ARISING FROM THE PROSECUTION OF PLAINTIFFS IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION COGNIZABLE UNDER 42. U.S.C. § 1983.***

163.    Defendants restate and incorporate their responses to paragraphs 152-162 as if fully set out herein.

164.    Defendants admit Plaintiffs Phillips, Blue, De Mian, Lohmann, Tolliver, Jr., and Williams were prosecuted for offenses by the City of Ferguson. Defendants deny the remaining allegations contained in paragraph 164, as phrased.

165.    Defendants deny the allegations contained in paragraph 165.

166.    Defendants deny the allegations contained in paragraph 166.

167.    Defendants deny the allegations contained in paragraph 167.

168.    Defendants deny the allegations contained in paragraph 168.

169.    Defendants deny the allegations contained in paragraph 169.

170.    Defendants deny the allegations contained in paragraph 170.

171.    Defendants deny the allegations contained in paragraph 171.

172.    Defendants deny the allegations contained in paragraph 172.

173.    Defendants deny the allegations contained in paragraph 173.

WHEREFORE, Defendants respectfully request this Court dismiss this Count, for costs, and for such other relief as this Court deems just and proper.

*COUNT IV*

***PLAINTIFFS CHRISTOPHER PHILLIPS, HEATHER DEMIAN, AND BRIAN LOHMANN, AGAINST ALL INDIVIDUAL DEFENDANTS FOR SEIZURE IN RETALIATION FOR EXERCISE OF FIRST AMENDMENT PROTECTED ACTIVITY –***

16

### *RECORDING POLICE ACTIVITY IN A PUBLIC PLACE – COGNIZABLE UNDER 42 U.S.C. § 1983*

174.    Defendants restate and incorporate their responses to paragraphs 163-173 as if fully set out herein.

175.    Defendants deny the allegations contained in paragraph 175.

176.    Defendants deny the allegations contained in paragraph 176.

177.    Defendants deny the allegations contained in paragraph 177, as phrased.

178.    Defendants deny the allegations contained in paragraph 178.

179.    Defendants deny the allegations contained in paragraph 179.

180.    Defendants deny the allegations contained in paragraph 180.

181.    Defendants deny the allegations contained in paragraph 181.

182.    Defendants deny the allegations contained in paragraph 182.

183.    Defendants deny the allegations contained in paragraph 183.

184.    Defendants deny the allegations contained in paragraph 184.

WHEREFORE, Defendants respectfully request this Court dismiss this Count, for costs, and for such other relief as this Court deems just and proper.

### *COUNT V*

### *ALL PLAINTIFFS AGAINST THE DEFENDANT CITY OF FERGUSON FOR VIOLATION OF THE CONSTITUTIONAL RIGHTS OF EACH PLAINTIFFF AS MORE FULLY DESCRIBED HEREIN AND COGNIZABLE UNDER 42 U.S.C. § 1983*

185.    Defendants restate and incorporate their responses to paragraphs 174-184 as if fully set out herein.

186.    Defendants deny the allegations contained in paragraph 186.

187.    Defendants deny the allegations contained in paragraph 187.

{01703208.DOCX;1}

188.   Defendants admit both the Municipal Court Clerk and Municipal Judge resigned subsequent to August 9, 2014.  All other allegations contained in paragraph 188 are denied.

189.   Defendants deny the allegations contained in paragraph 189.

190.   Defendants deny the allegations contained in paragraph 190.

191.   Defendants deny the allegations contained in paragraph 191.

192.   Defendants deny the allegations contained in paragraph 192, as phrased.

193.   Defendants deny the allegations contained in paragraph 193, as phrased.

194.   Defendants deny the allegations contained in paragraph 194.

195.   Defendants deny the allegations contained in paragraph 195.

196.   Defendants deny the allegations contained in paragraph 196.

197.   Defendants deny the allegations contained in paragraph 197.

198.   Defendants deny the allegations contained in paragraph 198.

199.   Defendants deny the allegations contained in paragraph 199.

200.   Defendants deny the allegations contained in paragraph 200.

201.   Defendants deny the allegations contained in paragraph 201.

202.   Defendants deny the allegations contained in paragraph 202.

203.   Defendants deny the allegations contained in paragraph 203.

204.   Defendants deny the allegations contained in paragraph 204.

205.   Defendants deny the allegations contained in paragraph 205.

206.   Defendants deny the allegations contained in paragraph 206.

207.   Defendants deny the allegations contained in paragraph 207.

208.   Defendants deny the allegations contained in paragraph 208.

{01703208.DOCX;1}

209.    Defendants deny the allegations contained in paragraph 209.

WHEREFORE, Defendants respectfully request this Court dismiss this Count, for their costs, and for such other relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

A.    Plaintiffs' First Amended Complaint fails to state a cause of action or a claim upon which relief can be granted against these Defendants.

B.    Defendants deny each and every allegation contained in Plaintiffs' First Amended Complaint not specifically admitted herein.

C.    Any injury or damage sustained by Plaintiffs was sustained as the direct and proximate result of Plaintiffs' own wrongful criminal conduct, negligence, carelessness, and comparative fault and thus and thereby, Plaintiffs are not entitled to recover from Defendants, or any recovery of Plaintiffs should be reduced by the percentage of Plaintiffs' own negligence, carelessness, and comparative fault contributing thereto pursuant to federal law.

D.    The Defendant Officers are entitled to qualified immunity regarding the claims made against them in that probable cause existed to arrest the Plaintiffs. Thus, Plaintiffs are not entitled to recover from these Defendants and their conduct was justified.

E.    The City of Ferguson is entitled to dismissal as the law was not clearly established at the time of the subject incident that the actions made by the individual Defendants pursuant to policy were in violation of Plaintiffs' constitutional rights.

F.    Any force used against the Plaintiffs was the direct result of the Plaintiffs' own voluntary and consensual instigation of aggressive, dangerous, and unreasonable behavior against

{01703208.DOCX;1}

the Defendant Officers, and thus and thereby, the Plaintiffs consented to the acts of the Defendant Officers in defending themselves and/or others against the Plaintiffs.

G. Any state law claim against the City of Ferguson is barred as it is immune from such state law claims due to the application of sovereign immunity and Plaintiffs' failure to plead an exception to sovereign immunity provided by R.S.Mo. § 537.600.

H. Any force used and any act of any Defendant Officers was undertaken pursuant to law and in the course of their official sworn duties as law enforcement officers, was reasonable in nature, and was based upon both probable cause and reasonable suspicion that Plaintiffs had violated the laws and ordinances of the State of Missouri and the City of Ferguson (including but not limited to, City of Ferguson Municipal Ordinance Sections 28-1 Definition of Graffiti; Section 28-8 Graffiti;  Section 29-94 Disorderly Conduct; Section 29-61 Property Damage; Section 29-28 Assault on a Law Enforcement Officer; Section 29-17 Resisting or Interfering with Arrest, Detention or Stop; Section 44-344 Manner of Walking Along Roadway; R.S.Mo. Sec. 575.150.2 Resisting Arrest; R.S.Mo. Sec. 565.082.2 Assault on Law Enforcement Officer) and that the actions taken toward Plaintiffs took place pursuant to law and were reasonable.

I. Plaintiffs' First Amended Complaint fails to state a cause of action or claim for relief for punitive damages and in addition, to the extent that Plaintiffs seek to recover punitive damages herein, Plaintiffs have not stated and cannot state a claim for relief for punitive damages because of procedures for assessing punitive damages, facially and as applied to this case, violate the due process provisions of the Fourteenth Amendment of the United States Constitution and Article 1, Section 10 of the Constitution of Missouri in that:

i.    Missouri's procedural and substantive law of punitive damages conflicts with the procedural and substantive standards set forth in the United States Supreme Court decisions in *Pacific Life Insurance Co. v. Haslip*; *State Farm v. Campbell and White v. Ford Motor*.

ii.   Missouri's guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.

iii.  Missouri has no objective limitations or standards that have been established concerning the amount or severity of a punitive damages award.

iv.   Missouri has vague and inconsistent legal standards for the imposition of punitive damages, which deprive defendants of sufficient notice of the type of conduct and mental state upon which punitive damages could be awarded as a result of defendants' alleged misconduct.

v.    Missouri permits the jury to award punitive damages that are disproportionate and have no reasonable relationship to the actual damages, plaintiff's injury, plaintiff's expenses, defendant's conduct, and defendant's mental state.

vi.   Missouri courts review punitive awards on the theory that the magnitude of such awards is wholly and peculiarly within the discretion of the jury; this standard provides no meaningful standard basis for review of punitive awards by either the trial or appellate courts.

vii.  Missouri's trial court and appellate courts are bound to apply vague and inconsistent standards by which to evaluate the jury's punitive damages award. Specifically, these inadequate standards include: (i) a nebulous and undefined "abuse of discretion" standard of review; (ii) a nebulous and undefined standard under which a punitive damages award may be disturbed if it is the product of "bias and prejudice;" (iii) a standard that allocates undefined, inordinate, and improper discretion to the jury without providing the jury with adequate standards to guide their discretion; (iv) a standard that is based upon an evaluation of the "proper relationship" between the degree of malice allegedly proven and the amount of the punitive damages award; however, no legal guidelines have been established that define the manner in which a court should evaluate either the degree or nature of the alleged "malice" or the "proper relationship" between such malice and the punitive damages award. Further, no legal standards have been established which reconcile and apply the different standards, set forth above, by which the trial and appellate courts review punitive damages awards.

viii. Missouri improperly permits plaintiffs to submit punitive damages to the jury based upon a defendant's conduct which, as a matter of law, was not willful or reckless. Punitive damages are not constitutionally permissible for mere negligent conduct, assuming defendant's conduct even meets this standard.

21

ix.    Missouri's approved jury instructions for punitive damages do not provide the jury with sufficiently specific and objective standards to guide its discretion in awarding punitive damages. These instructions fail to inform the jury of its duty to consider the character and degree of the wrong as shown by the evidence. The instructions also fail to inform the jury that the defendant's net worth may not be considered in deciding whether to award punitive damages.

x.    Missouri law does not contain adequate and objective procedures and standards or instructions that guide the jury, trial, and appellate courts concerning the purposes of punitive damages and the reasons for awarding such damages.

xi.    Missouri law does not have adequate standards and procedures to guide the trial and appellate courts in reviewing an excessive award of punitive damages.

xii.    Missouri courts are not required to explain the basis for their decisions concerning punitive damages awards. Missouri, therefore, affords no procedure for meaningful review of punitive damages by either the trial or the appellate courts.

xiii.    Missouri does not provide adequate and objective standards and procedures to instruct the jury to ensure in the post-trial review by the trial and appellate courts that any punitive damages award has an understandable relationship to the actual or compensatory damages award.

xiv.    Missouri does not require the standard of proof for the imposition of punitive damages to be "beyond a reasonable doubt."

xv.    Missouri does not provide objective standards and procedures to prevent the plaintiff from receiving an unfair windfall of money as a result of a punitive damages award.

xvi.    Missouri does not have legal standards which would unconditionally prohibit in all cases an award of multiple punitive damages awards and punishments against a defendant who has already been subjected to punitive damages in a prior case based upon the identical or similar conduct. These multiple awards amount to civil and criminal fines and punishments and are prohibited under Article I, Section 21 of the Missouri Constitution and are also prohibited under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution.

xvii.    Based on the Due Process Clause contained in Article I, Section 10 of the Missouri Constitution, a corporate defendant should not be held to be vicariously liable for acts or omissions of its agent without a showing of complicity.

xviii.    An award of punitive damages under Missouri law violates the Eighth Amendment to the United States Constitution and Article I, Section 21 of the Constitution of Missouri, which prohibit excessive fines because fifty percent of any final judgment awarding punitive damages is payable to the State of Missouri under Mo. Rev. Stat. Ann. § 537.675. That portion of the

22

punitive award, therefore, constitutes a fine payable to the State, but the State of Missouri has established no standards or limits upon the amount of punitive damages which may be awarded in a particular case, and has not provided procedural safeguards, including a requirement of proof beyond a reasonable doubt, necessary for imposition of fines.

J.      Defendant City of Ferguson is absolutely immune from an award of punitive damages regarding a claim raised pursuant to 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1982).

K.      Defendants reserve the right to make additional affirmative defenses in the course of discovery.

WHEREFORE, having fully answered, Defendants move the Court enter its order dismissing Plaintiffs' First Amended Complaint against them, for their costs and fees herein expended, and for such other and further relief as the Court deems proper.

/s/ Peter J. Dunne
Peter J. Dunne  #31482MO
Robert T. Plunkert  #62064MO
Ida S. Shafaie  #66220MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

      A copy of the foregoing filed electronically with the Clerk of the Court this 16th day of August 2016, to be served by operation of the Court's electronic filing system upon the following:

James R. Wyrsch
Javad M. Khazaeli
911 Washington Ave, Suite 211
St. Louis, Missouri 63101
James.wyrsch@kwslawfirm.com
Javad.khazaeli@kwslawfirm.com
Attorneys for Plaintiffs

Mr. Edward Hall
42 Beacon Ave.
Ferguson, Missouri 63135
e.j.hall89@gmail.com
ehall@archcitydefenders.org
Co-Counsel for Plaintiffs

Mr. Blake Strode
Arch City Defenders, Inc.
812 North Collins Alley
St. Louis, Missouri 63102
bstrode@archcitydefenders.org
Co-counsel for Plaintiffs

                /s/ Peter J. Dunne

24